UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



FILED
MAR 1  3 47 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

SIDNEY WYLIE

v.

JOHN ARMSTRONG, et al.

PRISONER
CASE NO. 3:01cv137 (PCD) (JGM)

## RULING AND ORDER

Plaintiff seeks leave to file a third amended complaint in this action. He seeks to add claims against defendants previously dismissed from this case for allegedly tampering with a videotape. For the reasons that follow, plaintiff's motion is denied.

The only remaining claim in this case is that defendants Whidden and Lajoie denied plaintiff medical treatment between December 18, 2000, and January 4, 2001. All other claims were dismissed because plaintiff failed to exhaust his administrative remedies before commencing this action. (See Dkt. #42, Ruling and Order filed May 13, 2002.)

The proposed amended complaint included with plaintiff's motion does not include this claim. If the court were to grant plaintiff leave to file the amended complaint, this claim would be considered abandoned. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) (because amended complaint supersedes original complaint and renders former complaint of no legal effect, amended complaint must contain all claims against defendants and relief requested),

cert. denied, 434 U.S. 1014 (1978). Plaintiff does not indicate in his motion that he intends to abandon his claim for denial of medical care. Thus, his motion for leave to amend must be denied to afford plaintiff an opportunity to preserve his claim for denial of medical care.

In addition, Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

As noted above, the remaining claim is for denial of medical care by defendants Whidden and Lajoie. The proposed amendment does not clarify or amplify that claim. In addition, as plaintiff's other claims were dismissed for failure to exhaust administrative remedies, the proposed amendment would not revive any other claim. Thus, amendment would be futile.

Plaintiff's Motion for Leave to File an Amended Complaint [**dkt. #75**] is **DENIED**. Plaintiff may file a new action to assert his claims.

**SO ORDERED** this 1st day of March, 2004, at New Haven, Connecticut.

JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE