UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 FEB -2  P 3:32

U.S. DISTRICT COURT
BRIDGEPORT, CONN

SIDNEY WYLIE               :
                           :               PRISONER
    v.                     :   Case No.  3:01cv137(PCD)(JGM)
                           :
JOHN ARMSTRONG, et al.[1]  :

### RULING AND ORDER

The plaintiff, Sidney Wylie ("Wylie"), is currently confined at the Whiting Forensic Institute in Middletown, Connecticut. He brings this civil rights action *pro se* pursuant to 28 U.S.C. § 1915 alleging the violation of his rights under the federal and state constitutions. On May 13, 2002, the court granted

---

[1]The named defendants in the amended complaint, filed May 11, 2001, are: Commissioner John Armstrong, Offenders Classification-Population Management Director Fred Levesque, District I Complex Warden Brian K. Murphy, Northern Correctional Institution Warden Larry Myers, Major Thomas Coates, Major Christine Whidden, Major Michael Lajoie, Captain Michael Zacharewicz, Captain Michael Regan, Captain Andrea Knotts, Captain William Faneuff, Captain Maurice Butler, Lieutenant Robert J. Knapp, Correction Officer Darnaville, Correction Officer Serkosky, Correction Officer Green, Correction Officer Young, Correction Officer Wilcox, Correction Wilbur Strozier, Correction Officer Zuccolo, Correction Officer Correia, Correction Officer Trombly, Correction Officer Lyons, Correction Officer Tirone, Correction Officer Seaver, Correction Officer Khulman, Correction Officer Badeau, Correction Officer Goodhall, Correction Officer Norwood, Correction Officer Okoro, Correction Officer Rodalakis, Correction Officer Sarju, Correction Officer John Doe #1, Correction Officer John Doe #2, Nurse Supervisor Patricia Wollenhaupt, Complex II Health Administrator Pamela Shea, John Dempsey Medical Center, John Dempsey Medical Center Director Ed Pesante and Governor John Rowland.

defendants' motion to dismiss as to all claims except the claim against defendants Whidden and Lajoie for denial of medical care. Defendants Whidden and Lajoie have filed a motion for summary judgment. For the reasons that follow, the motion is granted.

## I. Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact." Soto v. Meachum, Civ. No. B-90-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991). A party may not rely "on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). A party may not create a genuine issue of material fact by presenting contradictory or unsupported statements. See Securities & Exchange Comm'n v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir. 1978). Nor may he rest on the "mere allegations or denials" contained in his pleadings. Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). See also Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993) (holding that party

may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible). A self-serving affidavit which reiterates the conclusory allegations of the complaint in affidavit form is insufficient to preclude summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).

II. Facts[2]

At the time of the incident giving rise to the remaining claim in this action, Wylie was confined at Northern Correctional Institution ("NCI") in Somers, Connecticut. Defendants Whidden and Lajoie both held the rank of major and were assigned to NCI.

Upon admission to NCI, inmates receive a handbook describing, inter alia, how to obtain non-emergency medical assistance. Wylie received copies of the handbook in April 2000 and again in November 2000. The proper procedure to obtain non-emergency medical assistance is to sign up for sick call.

On December 18, 2000, Wylie was transported to court for a criminal matter. Wylie was uncooperative and had to be forcibly transferred from his cell to the transport van. During the trips

---

[2]The facts are taken from defendants Local Rule 56(a)1 Statement [doc. #83-3]. On September 7, 2004, Wylie was provided notice of his obligation to respond to defendants' motion and of the contents of a proper response. He was afforded two extensions of time, until November 18, 2004, to file his response. To date, he has not responded to the motion. Thus, defendants' facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2.")

4

to and from court, Wylie behaved inappropriately and was issued a disciplinary report for his conduct. When he returned from court, Wylie complained of pain in his left shoulder. He was examined by medical staff who determined that Wylie had no medical problems. Wylie was then placed in four-point restraints as a result of his disruptive behavior.

On December 20, 2000, Wylie filed an inmate grievance stating that his right shoulder hurt. He also stated that he had not been examined when he returned from court. The grievance was rejected because Wylie did not follow the proper procedures to obtain medical treatment, i.e., he did not sign up for sick call, and because his examination by medical staff upon return from court was recorded on tape. On January 3, 2001, Wylie filed a second grievance requesting medical treatment for feeling faint and dizzy and also for his shoulder. He indicated that he had submitted medical requests as well as requests to various correctional officers. The nurse upheld the grievance and placed Wylie on the list to be seen by a nurse practitioner. On January 5, 2001, Wylie was examined by NCI medical staff for his complaints of shoulder pain. X-rays were ordered and he was prescribed Motrin.

III. Discussion

Wylie alleges that defendants Whidden and Lajoie denied him medical treatment for injuries sustained in a December 18, 2000

5

accident in a prison transport vehicle from December 18, 2000, until January 4, 2001. Defendants Whidden and Lajoie move for summary judgment on the grounds that they were not deliberately indifferent to a serious medical need, they are immune from suit in their official capacities and they are protected by qualified immunity.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, however, Wylie must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to his serious medical need. Id. at 106. He must show intent to either deny or unreasonably delayed access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224,

6

1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06). Inmates do not have a constitutional right to the treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Thus, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. See Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). See also Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need' requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain"). The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition: "'[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d. Cir. 1998) (citation omitted). In addition, where the denial of

treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000). Not all conditions are serious. See, e.g., Rodriguez v. Mercado, No. 00CIV8588, 2002 WL 1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (bruising on plaintiff's back, accompanied by back pain, among other ailments, not sufficiently serious); Henderson v. Doe, No. 98 Civ. 5011, 1999 WL 378333, at *2 (S.D.N.Y. June 10, 1999) (broken finger not a severe injury); Veloz v. New York, 35 F. Supp. 2d 305, 312 (S.D.N.Y. 1999) (pain from foot fracture, bone cyst, and degenerative arthritis not sufficiently serious).

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, Wylie also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Although Wylie alleges that he suffered pain from the delay in medical treatment, defendants have presented evidence that Wylie was examined by medical staff upon his return from court

8

for complaints of pain in his left shoulder. (See Defs.' Mem. Ex. C at ¶ 11 & Ex. C Attachment 2 at 2.) Wylie presented no complaints of pain or discomfort when he was released from confinement in four-point restraints. (See Defs.' Mem. Ex. E at 1.) When seen by medical staff in January 2001, Wylie was prescribed Motrin for his complaints of pain in his right shoulder. Wylie alleges in his complaint that his shoulder was not fractured. (See Am. Compl. at ¶ 22.) Presumably, he learned this from the x-ray.

Wylie has not responded to the motion for summary judgment. The record contains no objective evidence to support Wylie's allegation that his right shoulder may have been dislocated or to indicate when he first experienced pain in that shoulder. Thus, the court concludes that Wylie has failed to meet his burden in opposition to defendants' motion for summary judgment of presenting evidence to demonstrate a genuine issue of material fact regarding the seriousness of his allege injury to his right shoulder.

In addition, although Wylie alleges that he complied with all required procedures to obtain treatment, the evidence presented show that he did not. Although Wylie was aware that he should submit a request for sick call to obtain treatment, he did not do so. Instead, he submitted requests to defendants Whidden and Lajoie, neither of whom are medical care providers and filed grievances.

Wylie has presented no evidence to indicate that defendants Whidden and Lajoie prevented him from submitting a request for sick call. Thus, Wylie also has failed to present any evidence to show that either defendant had the subjective intent to deny or delay his medical care.

IV. Conclusion

The motion for summary judgment filed by defendants Whidden and Lajoie [**doc. #83**] is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendants and close this case

SO ORDERED in New Haven, Connecticut, this ___1st___ day of February, 2005.

                                           Peter C. Dorsey
                                           United States District Judge